ORIGINAL

4:00-CV-422-Y

## PROOF OF SERVICE

DATE 5-26-04
6:10 pm

PLACE 7507 Lake Park Ct. - Arlington

SERVED   Jacquelyn K Holmes                          in person

SERVED ON (PRINT NAME)                               MANNER OF SERVICE

Rebecca Hyett                    authorized person - process server

SERVED BY (PRINT NAME)                               TITLE

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

MAY 28 2004

CLERK, U.S. DISTRICT COURT

By _____
                    Deputy

Executed on   5-26-04

DATE

SIGNATURE OF SERVER   Rebecca Hyett

**LECS, Inc.**
3600 W. Pioneer Pkwy, Ste. 6

Sworn and subscribed before me on
the 27 day of May, 2004

ADDRESS OF SERVER   Arlington, TX 76013

KARLA Y. BUSTILLOS
Notary Public
State of Texas
Comm. Expires 12-01-2007

NOTARY PUBLIC SIGNATURE

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance,
(ii)    requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Case 4:00-cv-00422-Y    Document 1    Filed 05/28/04    Page 2 of 3    PageID 2

**Issued by the**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

ORLANDO HALL
V.
UNITED STATES OF AMERICA

### SUBPOENA IN A CIVIL CASE

Case Number:[1]    4:00-CV-422-Y

TO:    Jacquelyn K. Holmes
7507 Lake Park Ct.
Arlington, TX 76016

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case, and to bring with you the documents or things described on the page attached to this subpoena ("duces tecum").

| PLACE OF TESTIMONY<br>United States District Court for the Northern District of Texas, Ft. Worth Division<br>501 West 10ᵗʰ Street<br>Fort Worth, Texas 76102 | COURTROOM<br>Judge Terry R. Means<br>2ⁿᵈ Floor |
|---|---|
| | DATE AND TIME<br>Monday, June 7, 2004<br>2:00 p.m. |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for ORLANDO HALL | DATE<br><br>May 24, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert C. Owen, Owen & Rountree, L.L.P.
P.O. Box 40428, Austin TX 78704
512-804-2661 (phone), 512-804-2685 (fax)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# DUCES TECUM

Ms. Jacquelyn K. Holmes:

You are directed to bring with you to the hearing on June 7, 2004, any of the following items which may be in your possession:

1) **Any letters, cards, or other correspondence you have received from Orlando Cordia Hall.**

2) **Copies of any documents or other written materials in which you have discussed your service as a juror in the case of United States v. Orlando Hall.** For purposes of this subpoena, "documents or other written materials" includes, without limitation:

   a. personal letters
   b. diaries or journals
   c. emails
   d. postings to electronic bulletin boards, listservs, or chat rooms
   e. copies of newspaper articles in which you were quoted or interviewed
   f. copies of television news reports in which you were quoted or interviewed

3) **Copies of any documents or other written materials in your possession written by other jurors in the case of United States v. Orlando Hall which relate to your mutual experience as jurors in that case.**

If you possess any of these items in electronic form (for example, if you retain copies of your personal correspondence as files or documents on a personal computer), kindly print them out and bring hard copies to court. If you possess any copies of relevant television news reports on videotape(s), kindly bring the videotape(s).